# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PATRICK BONNER, ) | |
| ) | CIVIL ACTION FILE NO. |
| Plaintiff, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| BARNES MOVING & STORAGE ) | |
| CO., INC., d/b/a BARNES VAN LINES, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through his attorneys of record, and hereby files this Complaint for damages against Defendant Barnes Moving & Storage Co., Inc., d/b/a Barnes Van Lines (hereinafter "Barnes Van Lines") or ("Defendant") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., for overtime compensation and other relief on the grounds showing as follows

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

2.

Venue is appropriate in this District pursuant to 29 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred in this

1

District.

## PARTIES

3.

Plaintiff Patrick Bonner is a former employee of Defendant Barnes Van Lines, having been employed from approximately March 9, 2015 through approximately October 14, 2016 as a residential mover.

4.

Defendant Barnes Moving & Storage Co., Inc. is a domestic corporation existing under the laws of the State of Georgia.

5.

Defendant may be served with process via service on its registered agent, Chris New, at his business address of 205 Hickory Chase, Carrollton, Georgia 30117 or wherever he may be found.

6.

Defendant is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

7.

This action is brought by a former employee of Defendant whose work as a residential mover affected the safety of operation of motor vehicles weighing 10,000

pounds or less in transportation on public highways in interstate commerce, based upon Defendant's policy of failing to properly compensate him for overtime worked and earned in the manner stated herein.

8.

Plaintiff was an employee "engaged in commerce" as defined in the FLSA, 29 U.S.C. § 207(a)(1) by providing residential moving services to Defendant's customers inside and outside the State of Georgia. Specifically, Plaintiff regularly moved the physical property and belongings of Defendant's customers between states as part of Defendant's nationwide residential moving business.

9.

Plaintiff was employed by an enterprise engaged in commerce, *i.e.*, a nationwide residential and commercial moving services company doing business in many states as defined in 29 U.S.C. § 203(s)(1)(A).

10.

Plaintiff was an "employee" of Defendant as defined in the 29 U.S.C. § 203(e)(1).

11.

Defendant is primarily engaged in providing interstate and local residential and commercial moving services to its customers.

12.

Defendant advertises itself as available to provide interstate and local residential and commercial moving services throughout North America. See www.barnesvanlines.com.

13.

Plaintiff performed the actual labor of moving the property of Defendant's residential customers within and outside the State of Georgia and of driving the moving trucks.

14.

The primary duties of Plaintiff consisted of driving moving trucks, loading and unloading moving trucks and packing and unpacking the property of Defendant's customers during the moving process.

15.

The work done by Plaintiff was an integral and essential part of Defendant's business.

16.

In performing his duties as a mover, Plaintiff, in part, performed duties on motor vehicles which weighed less than 10,000 pounds.

17.

Specifically, Plaintiff would drive, load and unload trucks which weighed less than 10,000 pounds, including but not limited to Chevy pickup trucks.

18.

The Chevy trucks which Plaintiff drove weighed less than 10,000 pounds.

19.

The work Plaintiff would perform on trucks which weighed less than 10,000, was more than *de minimis*.

20.

Plaintiff worked in part on vehicles which were designed or used to transport less than sixteen (16) passengers and such vehicles were not used to transport passengers for compensation.

21.

Plaintiff did not transport hazardous materials as that term is defined in 49 U.S.C. § 5103.

22.

Plaintiff was paid an hourly wage.

23.

Plaintiff was not paid a salary.

24.

Plaintiff was not guaranteed a salary of at least $455 per week.

25.

Plaintiff was paid a straight hourly wage for all hours worked up to forty (40) in any given workweek.

26.

During his employment with Defendant, Plaintiff, at least on occasion, worked in excess of forty (40) hours per week.

27.

When Plaintiff worked more than forty (40) hours per week, he was paid the same straight time wage for all hours worked over forty (40) as he was for all hours worked up to forty (40). The exception was that Plaintiff was paid time and one half for overtime hours worked on Saturdays and Sundays.

28.

Defendant did not pay Plaintiff time and one half of his regular hourly rate for all hours worked over forty (40) in any given work week unless the overtime was worked on a weekend.

29.

In 2015, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

In 2016, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

During 2015 Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

32.

During 2016, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

33.

At all times material hereto, one or more employees of Defendant, including the Plaintiff, used or handled the following items that moved in interstate commerce that are necessary to Defendant for its commercial purposes: trucks, packing materials, gasoline, cell phones and office supplies.

34.

Defendant was the "employer" of Plaintiff as defined in 29 U.S.C. §203(d).

35.

Defendant improperly classified Plaintiff as exempt from the overtime pay provisions of the FLSA pursuant to the Motor Carrier Act.

36.

Pursuant to the SAFETEA—LU Technical Corrections Act of 2008, Pub. L. No. 110-244, § 306(c), Plaintiff is expressly classified under the FLSA as non-exempt "covered employee(s)" entitled to overtime pay as required by 29. U.S.C. § 207(a).

37.

Plaintiff was not subject to any exemption from the overtime pay requirements of the FLSA.

38.

Defendant has failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

39.

Plaintiff was required to be compensated at a rate of one and one half times his regular hourly rate for each hour worked in excess of forty hours in any given workweek.

40.

Defendant knew or should have known that the FLSA applied to Plaintiff.

41.

Upon information and belief, in failing or refusing to pay Plaintiff overtime as required by the FLSA, Defendant has not relied on any letter ruling from the Department of Labor indicating that Plaintiff was not entitled to overtime.

42.

Upon information and belief, in failing or refusing to pay Plaintiff overtime as required by the FLSA, Defendant has not relied on any legal advice indicating that such practice was permitted under the FLSA.

43.

Defendant has refused to adequately compensate Plaintiff for work in excess of forty (40) hours per workweek, at the rates required by law, and has willfully refused to rectify the situation.

44.

Defendant is liable to Plaintiff for any and all time worked in excess of forty (40) hours per week at the rate of at least one and one-half times the regular hourly rate.

45.

Defendant's conduct constitutes willful violations of 29 U.S.C. §§ 207 and 215 of the FLSA, entitling Plaintiff to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations, the award of liquidated damages, and attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216.

## **CLAIMS FOR RELIEF**

## **COUNT ONE: VIOLATION OF 29 U.S.C. §§ 207, 215 AND 216**

46.

The preceding paragraphs of this Complaint are incorporated herein by this reference.

47.

Defendant's failure to compensate Plaintiff for time actually worked in excess of forty (40) hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a

claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests that this Court:

(a) Take jurisdiction of this matter;

(b) Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

(c) Grant a trial by jury as to all matters properly triable to a jury;

(d) Issue a judgment declaring that Plaintiff was covered by the provisions of the FLSA and that Defendant has failed to comply with the requirements of the FLSA;

(e) Award Plaintiff proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due Plaintiff, as required by the FLSA;

(f) Award Plaintiff prejudgment interest on all amounts owed;

(g) Award Plaintiff nominal damages;

(h) Award Plaintiff his reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

(i) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 1st day of June, 2017.

/s/ Mitchell D. Benjamin
Mitchell D. Benjamin
Georgia Bar No. 049888
benjamin@dcbflegal.com
Charles R. Bridgers
Georgia Bar No. 080791
charlesbridgers@dcbflegal.com

**DeLONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN LLC**
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150     Telephone
(404) 979-3170     Facsimile         ATTORNEYS FOR PLAINTIFF