## SETTLEMENT AGREEMENT AND RELEASE

This **SETTLEMENT AGREEMENT AND RELEASE** is hereby made by and among Plaintiff Patrick Bonner (hereinafter referred to as "PLAINTIFF") and Defendant Barnes Moving & Storage Co., Inc., d/b/a Barnes Van Lines, its owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns (hereinafter referred to as "DEFENDANTS").

**WHEREAS**, on June 1, 2017, PLAINTIFF filed a Complaint in the United States District Court for the Northern District of Georgia, Atlanta Division, alleging claims arising under the Fair Labor Standards Act; and,

**WHEREAS**, DEFENDANTS deny any and all liability whatsoever to PLAINTIFF and makes no concession as to the validity of the claims asserted in the Complaint; and,

**WHEREAS**, PLAINTIFF and DEFENDANTS desire to resolve fully and finally any and all claims and/or disputes arising from or relating to the Complaint, in an amicable manner without the uncertainties and expenses involved in further litigation; and,

**WHEREAS**, PLAINTIFF and DEFENDANTS, with assistance of counsel, have reached a complete resolution in full and without compromise intended to finally resolve their dispute; and,

**WHEREAS** PLAINTIFF and DEFENDANTS desire that said resolution be reduced to writing and set forth herein;

**NOW, THEREFORE,** in consideration of the premises and promises contained herein, and in an effort to buy peace, resolve disputed claims and to finally resolve all issues between PLAINTIFF and DEFENDANTS, the parties agree as follows:

1. In consideration of the payment by Barnes Van Lines of Nine Thousand Dollars ($9,000.00), payable as follows:

    a. To PLAINTIFF, in the amount of $2,250.00, less all required federal and state withholdings, representing back wages (IRS Form W-2 to be issued to PLAINTIFF in connection with said payment). Payments to be made pursuant to Paragraph 2 herein;

    b. To PLAINTIFF, in the amount of $2,250.00, in lieu of any and all other forms of damages and other monetary and non-monetary relief, including, but not limited to, liquidated damages, re-instatement, other past and future pecuniary losses, compensatory and punitive damages, and pre- and post-judgment interest (IRS Form 1099 to be issued to PLAINTIFF following receipt by DEFENDANT of IRS Form W-9 representing that PLAINTIFF is not subject to back-up withholding). Payments to be made pursuant to Paragraph 2 herein; and

Bonner *P.B.*
Barnes

c.  To PLAINTIFF'S attorney, Mitchell D. Benjamin LLC, in the amount of $4,500.00, for attorney fees, costs, and other expenses of litigation (IRS Form 1099 to be issued to PLAINTIFF'S attorney following receipt by DEFENDANT of IRS Form W-9 representing that PLAINTIFF'S attorneys are not subject to backup withholding). Payments to be made pursuant to Paragraph 2 herein;

which PLAINTIFF acknowledges to represent a full and complete settlement, PLAINTIFF does hereby fully and forever surrender, release, acquit and discharge DEFENDANTS and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and every other individual and entity that was, or could have been, named in the Complaint or an amendment to the Complaint, of and from any and all claims, charges, actions, causes of action, demands, rights, damages, debts, contracts, claims for costs or attorneys' fees, expenses, or compensation, with regard to PLAINTIFFS' claims for damages arising under his employment compensation arising on or before the effective date of this Settlement Agreement and Release, including without limitation, those claims arising out of, under, or by reason of any and all claims under the Fair Labor Standards Act which were or could have been asserted in the Complaint. This release of rights is knowing and voluntary.

2. PLAINTIFF also covenants and agrees that this Agreement will not be final until the Court approves the dismissal of the case pursuant to the JOINT STIPULATION OF DISMISSAL WITH PREJUDICE, which PLAINTIFF'S attorney will cause to be filed following the execution of this agreement. The payments described in Paragraph 1 will be paid in 12 monthly installments beginning 5 business days after the Court approves the settlement and dismissal. The remaining 11 payment installments to be paid every 30 calendar days thereafter.

3. PLAINTIFF further agrees, promises and covenants that neither he nor any person, organization or any other entity acting on his behalf will file, charge, claim, sue or cause or permit to be filed, charged, claimed, or sued, any action for damages or other relief (including injunctive, equitable, declaratory, monetary relief or other) against DEFENDANTS and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and every other individual and entity that was, or could have been, named in the Complaint or an amendment to the Complaint, involving any matter covered by the Fair Labor Standards Act occurring in the past up to the date of this Settlement Agreement and Release, or involving any continuing effects of actions or practices which arose under the Fair Labor Standards Act prior to

Bonner
Barnes 

the date of this Settlement Agreement and Release. PLAINTIFF acknowledges and agrees that this Settlement Agreement and Release shall serve as a complete defense to any such action filed in violation of the provisions of this paragraph.

4. PLAINTIFF represents and warrants that he has not assigned or sold, or in any way disposed of his claims hereby released, or any part thereof, to anyone and that he will save and hold DEFENDANTS harmless of and from any claims, actions, causes of action, demands, rights, damages, costs and expenses, including reasonable attorneys' fees, arising from a complete or partial assignment of the claims hereby released.

5. PLAINTIFF covenants and agrees to indemnify and hold DEFENDANTS harmless for any additional sums, including, but not limited to, liabilities, costs, and expenses, including reasonable attorneys' fees, as the result of any claim(s) for attorneys' fees which may at any time be asserted against DEFENDANTS by PLAINTIFF'S counsel, or another party, on account of or in connection with the claims asserted in the Complaint. DEFENDANTS have the sole and exclusive right to select counsel to defend any such claim(s).

6. PLAINTIFF acknowledges that he is relying on no representations or warranties by DEFENDANTS that the payments made pursuant to this agreement or any portion thereof are properly excludable from taxable income. Rather, PLAINTIFF has been advised to seek advice from professional advisors of his choosing regarding tax treatment of this settlement. PLAINTIFF further covenants and agrees to hold DEFENDANTS harmless for any additional sums, including, but not limited to, costs and expenses, including reasonable attorney's fees, liabilities, interest, and penalties incurred by PLAINTIFF as a result of the tax treatment which PLAINTIFF accords to the payments made to him pursuant to this Settlement Agreement and Release or as the result of any of said payments being made without being subjected to withholdings.

7. In connection with the waivers in Paragraph 1 of any and all claims that PLAINTIFF has or may have on the date hereof, PLAINTIFF makes the following acknowledgments:

(a) By signing this Settlement Agreement and Release, PLAINTIFF waives all claims against DEFENDANTS and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, for alleged violations of any legal duty owed to said PLAINTIFF under the Fair Labor Standards Act.

Bonner 
Barnes

(b)     In consideration of the waivers made by PLAINTIFF under this Settlement Agreement and Release, PLAINTIFF and his counsel will be receiving the settlement payments described in Paragraph 1 and 2 of this Settlement Agreement and Release.

(c)     PLAINTIFF has consulted with his attorney prior to executing this Settlement Agreement and Release and has been advised by his attorney.

8.     PLAINTIFF and DEFENDANTS understand and agree that this Settlement Agreement and Release is the result of a disputed claim and that the settlement is not to be construed as an admission of liability on the part of DEFENDANTS. Plaintiff agrees that as long as DEFENDANTS comply with this Settlement Agreement, he will not seek any additional compensation beyond that agreed to be paid in Paragraph 1(c).

9.     PLAINTIFF and DEFENDANTS covenant and agree that there are no collateral or outside agreements, promises or undertakings on the part of PLAINTIFF or DEFENDANTS other than those herein expressly stated and specifically and clearly agreed.

10.     This Settlement Agreement and Release shall be binding upon PLAINTIFF and his heirs, administrators, executors, successors and assigns, and shall inure to the benefit of DEFENDANTS and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities.

11.     This Settlement Agreement and Release is made and entered into in the State of Georgia, and shall in all respects be interpreted, enforced and governed under the laws of said State.

12.     Should any provision of this Settlement Agreement and Release be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement and Release.

13.     As used in this Settlement Agreement and Release, the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

14.     This Settlement Agreement and Release sets forth the entire agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings between the parties hereto pertaining to the subject matter hereof. This Settlement Agreement and Release may not be modified except in writing signed by all parties.

Bonner 
Barnes

15. This Settlement Agreement and Release may be executed in multiple counterparts, each of which will be deemed an original, but which together will be deemed one instrument.

**READ THIS AGREEMENT CAREFULLY BEFORE SIGNING.
IT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

FOR PLAINTIFF:                                   FOR DEFENDANT:

_Patrick Bonner_  03-05-18                      _Chris New_  3-8-18
PATRICK BONNER    Date                          CHRIS NEW    Date

Bonner
Barnes

Page 5 of 6